[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 18, 1992 Date of Application September 8, 1992 Date Application Filed September 14, 1992 Date of Decision November 23, 1993 CT Page 10943
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury, at Danbury.
Docket No. CR91-78299;
Richard Banks, Esq., Defense Counsel, for Petitioner.
Devin Stillson, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was thirty years of age at the time of sentencing, was convicted following a trial by jury of three counts of Sale of a Narcotic Substance in violation of Connecticut General Statutes 21a-277(a).
He was sentenced to consecutive terms of three years on the Counts 1 and 2 and four years on Count 3, for a total effective sentence of 10 years to serve.
After learning from an informant that he had been buying cocaine from the petitioner for the past two years, the informant made three controlled buys from the petitioner on April 11, 1991, April 26, 1991 and May 22, 1991. The amount of cocaine per buy was .79 grams, 75 grams and 74 grams. At the time of sentencing the petitioner had a 1981 conviction for possession of controlled substance in which a $250.00 fine was imposed (additional charges of interfering with a police officer and possession of narcotic substance were nolled) and he had an assault second degree case pending.
The petitioner's attorney asks the division to consider that this was in reality only one offense and that when the police executed a search warrant following the third buy they found no illegal drugs, indicating that the petitioner is not a high level CT Page 10944 dealer.
The State's Attorney pointed out that the petitioner was not a user of drugs and that his only motivation was greed. The Court heard a taped conversation wherein the petitioner complained that he was only making $400.00 an ounce dealing cocaine.
The petitioner willingly involved himself in the scourge of drug trafficking, an activity that is destroying the fabric of our communities. He was not concerned about any harm or damage he might do to anyone else. He was concerned only about making money.
The sentencing court clearly weighed the various elements involved in the imposition of a sentence including proportionality, deterrence, punishment or public denunciation, and rehabilitation. It imposed a sentence substantially less than the maximum of forty-five years and substantially less than that recommended by the state.
The Division has reviewed this sentence in accordance with the standards of review set forth in Practice Book 942, and find it to be reasoned and appropriate.
The sentence is affirmed.
Purtill, Klaczak and Norko, J.s, participated in this decision.